* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Chief Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the undersigned makes the following
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction. On the date of this incident, May 17, 1997, he was housed at Lumberton Correctional Institution.
2. On the night of May 16 and 17, 1997, plaintiff slept in his bunk in the dormitory, as usual. The next morning he was present for the count and went to breakfast. At that time, plaintiff felt there was nothing wrong with him. After breakfast, plaintiff went back to his bunk and went to sleep. While plaintiff was sleeping between 9:00 and 10:00 a.m., another inmate assaulted him, inflicting a cut on plaintiff's right shoulder blade. Plaintiff did not wake up, but slept through the assault.
3. Correctional Officer Pamela Martin was assigned to the dormitory on first shift on May 17, 1997. Inmate Tony Medina saw that plaintiff had blood on his shirt and told Officer Martin, who woke plaintiff up around 10:00 a.m. At that time, plaintiff noticed the blood on his shirt. Plaintiff was taken to the infirmary for medical treatment.
4. Plaintiff was seen by the medical staff around 10:45 a.m. Plaintiff was assessed with a superficial laceration measuring about 12 cm. in length, 1-2 mm. wide and 1-2 mm. in depth. The bleeding was controlled and the wound was cleaned and sutured with a very fine suture. Over the next week to ten days, plaintiff received follow-up medical care for the wound and the sutures were removed on May 24, 1997.
5. Plaintiff alleges that the correctional staff was negligent in not preventing the assault on him. However, plaintiff was unable to testify as to who assaulted him or any motivation for the assault. The Commission finds that plaintiff failed to show that the correctional staff had any reason to anticipate that an inmate might assault plaintiff.
6. Plaintiff also alleges that the dormitory was not properly staffed and that there was only one correctional officer, Pamela Martin, in the dormitory at the time. Since plaintiff was sleeping at the time of the assault, he is unable to confirm whether one or two officers were present in the dormitory between 9:00 and 10:00 a.m.
7. The Commission has reviewed defendant's Standard Operating Procedure (SOP) for dormitory supervision, as applies to the Lumberton Correctional Institution. That SOP shows that during the daytime when this assault occurred, the following policy was in effect:
 "During the first shift hours and second shift until the inmates are locked in the dorm for the night, two (2) Correctional Officers shall be assigned to the dormitory. At times when a majority of inmates are out of the dormitory, located in other areas such as recreation areas, dining hall, etc., one of the Dormitory Officers may be temporarily utilized to provided {sic} supervision in those areas where the majority of inmates are located."
8. The "Affidavit" of Tony Medina indicates that there was one officer, Pamela Martin, in the dormitory area the morning of the assault between 9:00 and 10:00 a.m. However, even if only one officer were in the dormitory during this time, this would not violate the SOP. Under that policy, during the daytime shift, the second officer assigned to the dormitory can be utilized in other areas where the inmates are located, such as the dining hall, recreation area, etc.
9. The Commission finds that there is no evidence to establish that any deficiency in staffing on May 17, 1997 led to the assault on plaintiff or that the presence of an additional officer in the dormitory would have prevented the assault.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned enters the following
 CONCLUSION OF LAW
Plaintiff has failed to prove that he has been injured as a result of any negligence by the correctional staff at Lumberton Correctional Institution on or about May 17, 1997. Therefore, his claim must be denied pursuant to N.C. Gen. Stat. § 143-291 etseq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Commission enters the following
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 29th day of June, 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER